IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

City of Columbus, *et al.*,                          :

                              Plaintiffs           :      Case No.: 2:06-cv-677

      v.                                           :      Judge Holschuh

Hotels.com, L.P, *et al.*,                          :

                              Defendants           :      Magistrate Judge Abel

                                                   :

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, the City of Columbus and the City of Dayton, filed a class action suit against

numerous travel companies seeking to recover transient occupancy taxes collected from

consumers by Defendants but not remitted to Plaintiffs.[1]  This matter is before the Court on

Plaintiffs' objections to Magistrate Judge Abel's January 8, 2007 Report and Recommendation

recommending that the case be transferred to the Northern District of Ohio (doc. 69), and on

Plaintiffs' motion for leave to amend their complaint to withdraw the class action allegations

(doc. 70).

I.      **Background and Procedural History**

Plaintiffs' complaint, filed August 8, 2006, alleges the following facts. Defendants

purchase hotel rooms at a discounted rate, then re-sell them to the public at a marked-up room

---

[1]  Defendants include Hotels.com, L.P., Hotels.com GP, LLC, Hotwire, Inc., Cheap
Tickets, Inc., Cendant Travel Distribution Services Group, Inc., Expedia, Inc., Internetwork
Publishing Corp. (d/b/a/ Lodging.com), Lowestfare.com, Inc., Maupintour Holding, LLC,
Orbitz, Inc., Orbitz, LLC., Priceline.com, Inc., Travelocity.com, L.P., Travelweb, LLC, and
Travelnow.com, Inc.

1

rate. Defendants collect transient occupancy taxes from consumers based on that marked-up room rate. Defendants, however, remit transient occupancy taxes based on the discounted room rate, and pocket the difference.  Plaintiffs contend that Defendants are liable for, and should remit, all transient occupancy taxes collected from consumers.  Claims are pleaded for violation of Plaintiffs' transient occupancy ordinances, unjust enrichment, money had and received, conversion, imposition of constructive trust and declaratory judgment. Plaintiffs initially sought to represent all Ohio cities to which Defendants allegedly owe transient occupancy taxes.

Plaintiffs' complaint is nearly identical to a class action complaint filed by the City of Findlay in the Northern District of Ohio on November 22, 2005, *City of Findlay v. Hotels.com, L.P., et al.*, Case No. 3:05-cv-7443.  In that case, on July 26, 2006, Judge Katz made a ruling substantially adverse to the City of Findlay, narrowing the scope of the claims. Less than two weeks later, Plaintiffs City of Columbus and City of Dayton filed the instant class action lawsuit in this Court.

On September 27, 2006, Defendants filed a motion to change venue to the Northern District of Ohio.  Defendants maintained that the complaints in the two actions are the same in all material respects and advance essentially the same claims against the same set of Defendants. At that time, both cases sought to certify a state-wide class. Defendants argued that transfer was appropriate because the Northern District of Ohio had already familiarized itself with the issues presented in this case and the applicable law, established a comprehensive case management plan, and narrowed the scope of the claims advanced by the putative class.

On January 4, 2007, Magistrate Judge Abel held a hearing at which time the parties gave oral arguments in support of their briefs. His January 8, 2007 Report and Recommendation

2

recommended that this case be transferred to the Northern District of Ohio because the first-to-file rule applied.  That rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, generally the first-filed case should be the one to proceed to judgment. Magistrate Judge Abel noted that a precise identity of the parties is not required.  In both cases, the putative state-wide classes are identical and the claims arise out of the same business practices of Defendants.  He also noted, however, that if the classes were not certified, there would be no identity of the parties plaintiff. In the alternative, Magistrate Judge Abel held that, with respect to the factors to be considered under 28 U.S.C. § 1404(a), although no individual factors weighed heavily on one side or the other, judicial economy tipped the scales in favor of transfer to the Northern District of Ohio.

Plaintiffs filed timely objections to the Report and Recommendation.  Noting that much of Magistrate Judge Abel's analysis turned on the fact that this suit was filed as a class action, Plaintiffs concurrently filed a motion for leave to amend their complaint to withdraw the class allegations.  Plaintiffs ask the Court to consider their objections to the Report and Recommendation in light of that motion.

## II.    Effect of Motion for Leave to Amend the Complaint on Pending Objections

Plaintiffs argue that if they drop the class allegations, there will no longer be any reason to transfer this case to the Northern District of Ohio.  The first-to-file rule will no longer apply because, as Magistrate Judge Abel noted, there will be no identity of the parties plaintiff. Plaintiffs also contend that transfer under 28 U.S.C. § 1404(a) will not be warranted.

Defendants argue that before considering Plaintiffs' motion for leave to amend the complaint to dismiss the class action allegations, the Court should first rule on Plaintiffs'

objections to the Report and Recommendation.  Defendants maintain that this approach will

conserve judicial resources and allow a single court to evaluate the most efficient way to manage

these substantially similar cases.  Defendants also argue that Plaintiffs' motion for leave to

amend the complaint demonstrates a continued attempt at forum shopping.   Despite the fact that

an indistinguishable class action suit was pending in the Northern District of Ohio, Plaintiffs

chose to file a separate class action complaint.  They did so a mere two weeks after the Northern

District of Ohio issued a ruling that was adverse to the putative class.  Because the two cases

were nearly identical, Defendants moved to transfer venue to the Northern District of Ohio.

After extensive briefing and oral argument, Magistrate Judge Abel recommended that

Defendants' motion to transfer venue be granted. The principal reason for that recommendation

was the waste of judicial resources that would result from two indistinguishable class actions

proceeding in separate district courts in the same state. In order to avoid that adverse ruling and

remain in this Court, Plaintiffs now seek to withdraw their class allegations.

      The Court agrees with Defendants that it must first rule on Plaintiffs' objections to the

Report and Recommendation based on the procedural posture that existed at the time the Report

and Recommendation was rendered.  Plaintiffs' tactical maneuvering is a misuse of scarce

judicial resources. Plaintiffs could have filed their complaint without class action allegations, or

they could have filed their motion for leave to amend the complaint to withdraw the class action

allegations in response to Defendants' motion to transfer venue.  They did neither.  Instead, they

vigorously argued that the pendency of the class action in the Northern District of Ohio was not

a good reason to transfer venue.  Only after Magistrate Judge Abel issued his adverse Report and

Recommendation did Plaintiffs decide to seek leave to amend the complaint and drop the class

action allegations. Plaintiffs efforts to "move the target" at this point in the litigation are not well taken. The Court therefore turns to Plaintiffs' objections to Magistrate Judge Abel's Report and Recommendation without regard to Plaintiffs' pending motion for leave to file an amended complaint.

### III.    Objections to the Magistrate Judge's Report and Recommendation

Plaintiffs contend that Magistrate Judge Abel erred when he applied the first-to-file rule and recommended transferring venue to the Northern District of Ohio. According to Plaintiffs, while Magistrate Judge Abel acknowledged that application of the first-to-file rule was discretionary, he failed to acknowledge that a court may also relax the first-to-file rule if it would be more convenient for the parties to try the action in the court where the second action was filed. Plaintiffs also maintain that the Magistrate Judge erroneously concluded that the two suits involved substantially the same issue; according to Plaintiffs, the taxing ordinances of Columbus and Dayton are not substantially the same as the Findlay ordinance. Finally, Plaintiffs argue that Magistrate Judge Abel should have deferred to Plaintiffs' choice of venue because the ordinances at issue are indisputably tied to the Southern District of Ohio.

Plaintiffs further argue that the Magistrate Judge erred in balancing the factors to be considered under 28 U.S.C. § 1404(a) and in concluding that transfer to the Northern District of Ohio was warranted. Plaintiffs maintain that their choice of forum, convenience of the witnesses, location of documents, and relative financial strength of the parties all weigh in favor of denying transfer, docket congestion only slightly favors the Northern District, and familiarity with controlling law is neutral. Plaintiffs further maintain that the Magistrate Judge neglected an important consideration, that is that local controversies should be settled at home.

**IV.    Discussion**

Because a motion to transfer venue is not a dispositive motion, Magistrate Judge Abel's

recommended disposition of the motion is not subject to *de novo* review.  Instead, his findings

can be modified or overturned only if they are "clearly erroneous or contrary to law."  28 U.S.C.

§ 636(b)(1)(A); Fed. R. Civ. P. 72(a). The clearly erroneous standard applies to factual findings.

It "mandates that the district court affirm the magistrate's decision unless, on the entire evidence,

it is left with the definite and firm conviction that a mistake has been committed." *Balalovski v.*

*Lucent Tech.*, Inc., No. 2:00-cv-189, 2003 WL 21011148, *4 (S.D. Ohio April 10, 2003)(internal

quotations omitted). A decision is contrary to law if the magistrate judge's conclusions ignore or

contradict relevant legal principles. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

As noted above, Magistrate Judge Abel found that transfer of this case to the Northern

District of Ohio was proper on two independent grounds:  (1) the first-to-file rule applied; and

(2) the balance of factors to be considered under 28 U.S.C. § 1404(a) weighed in favor of

transfer.  Having carefully reviewed the Report and Recommendation, the Court concludes that

Magistrate Judge Abel's findings with respect to the first-to-file rule are neither clearly

erroneous nor contrary to law.  Because the first-to-file rule clearly supports the recommendation

to transfer venue to the Northern District of Ohio, there is no need for the Court to address

Plaintiffs' objections with respect to the § 1404(a) factors.

The first-to-file rule is "a well established doctrine that encourages comity among federal

courts of equal rank."  *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assoc., Inc.*, 16 Fed. Appx.

433, 437 (6th Cir. 2001). "[W]hen actions involving nearly identical parties and issues have been

filed in two different district courts, 'the court in which the first suit was filed should generally

proceed to judgment.'" *Id*. (quoting *In re Burley,* 738 F.2d 981, 988 (9th Cir. 1984)).

Application of the first-to-file rule is discretionary and it is inappropriate in some circumstances.

Factors to be considered include the existence of "extraordinary circumstances, inequitable

conduct, bad faith, anticipatory suits, and forum shopping." *Id.* Plaintiffs do not contend that any

of these factors exist.

They argue only that Magistrate Judge Abel erred in failing to also consider the

convenience to the parties in determining whether the first-to-file rule should be applied.  In

support, Plaintiffs cite to the unreported district court cases of *Beverlly Jewellry Co., Ltd. v.

Tacori Enterprises,* No. 1:06cv1967, 2006 WL 3304218 (N.D. Ohio Nov. 13, 2006), and

*Portfolio Technologies, Inc. v. Intellx, Inc.*, No. 1:05-cv-159, 2005 WL 1189604 (W.D. Mich.

May 19, 2005).  While both courts noted that convenience to the parties is another factor that

may be considered in determining whether the first-to-file rule applies, neither of those cases

involved overlapping class action suits.  Moreover, even though it may be marginally more

convenient for the City of Columbus and the City of Dayton to litigate in the Southern District of

Ohio than in the Northern District of Ohio, this one factor does not justify divergence from the

first-to-file rule.

Plaintiffs argue that Magistrate Judge Abel failed to give proper deference to their choice

of venue, and noted that the taxing ordinances at issue are tied to this district.  Nevertheless,

because Plaintiffs are part of the putative class pending in the Northern District of Ohio, their

choice of forum is entitled to less weight.  *See Goehl v. Mellon Bank*, No. 92-2547, 1993 U.S.

Dist. LEXIS 5339, at *8 (E.D. Pa. April 23, 1993).  "The existence of ongoing litigation in the

intended transferee district is a 'powerful reason' to grant a motion to transfer," and "[b]y

permitting two related cases which are filed initially in different districts to be consolidated, transfer plainly helps needless duplication of effort." *Id.* (citations omitted.) The court further stated:

> [T]o allow two separate district courts in the same state to address almost identical causes of action involving identical issues in class actions whose members overlap, would be an inefficient use of judicial resources. Additionally, all parties will benefit from the elimination of duplicitous discovery if these cases are litigated in the same district.

*Id.* at *11. This reasoning applies with equal force in this case.

Finally, Plaintiffs argue that application of the first-to-file rule is improper because the taxing ordinances of the Cities of Columbus and Dayton are broader than Findlay's taxing ordinance. However, "the same party and same issue is not an absolute requirement." *Plating Resources, Inc. v. UTI Corp.*, 47 F. Supp. 2d 899, 903 (N.D. Ohio 1999). As Magistrate Judge Abel noted, these two cases arise out of the same business practices of Defendants, and the putative class in both cases is identical.

Based on the above-cited case law, the Court concludes that Magistrate Judge Abel's application of the first-to-file rule was neither clearly erroneous nor contrary to law. Because the case in the Northern District had priority, and because it is a waste of judicial resources to litigate the same dispute in two different forums, transfer to the Northern District of Ohio is proper. There is no need for the Court to address Plaintiffs' objections to Magistrate Judge Abel's alternate holding, that transfer is also appropriate pursuant to 28 U.S.C. § 1404(a).

**V.      Conclusion**

For the reasons stated above, Plaintiffs' objections (doc. 69) to Magistrate Judge Abel's

January 8, 2007 Report and Recommendation are **OVERRULED**.  The Court **ADOPTS** that

Report and Recommendation (doc. 68), and **GRANTS** Defendants' motion to transfer venue to

the Northern District of Ohio, Western Division (doc. 22).[2]  The Clerk of Court is **DIRECTED**

to **TRANSFER** this case to the Northern District of Ohio, Western Division.

<strong>IT IS SO ORDERED.</strong>

Date: July 9, 2007                                    **/s/ John D. Holschuh**
                                                      John D. Holschuh
                                                      United States District Judge

---

[2]  Plaintiffs' motion for leave to amend their complaint (doc. 70) remains pending, as
does Defendants' motion to dismiss (doc. 21).