IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CITY OF COLUMBUS, et al.,

                        Plaintiff,                    Case No. 3:07 CV 2117

    -vs-

                                                 O R D E R

HOTELS.COM, et al,

                        Defendant.

KATZ, J.

Pending at present are the Defendants' motions under seal (Doc. 383 in No. 05-7443, Doc. 361 in No. 07-2117) to exclude the expert testimony of Andrew Ranallo. Upon review, the Court finds the motions well-taken and the same will be granted.

Plaintiffs seek to use Ranallo's testimony to establish that the Defendants collected occupancy taxes that they failed to remit. Ranallo's theory appears to be that the combined tax recovery charge and service fee collected by Defendants on some transactions would be high enough to cover occupancy taxes based on a room's marked-up reservation rate, but that Defendants only paid over occupancy taxes based on the underlying room rental rate. This testimony, however, is unduly speculative and unhelpful in considering the ultimate question of whether the Defendants in fact collected occupancy tax charges that they failed to remit. Ranallo's testimony fails to adequately account for evidence from transactional data indicating that the Defendants computed occupancy taxes based on the underlying room rate, and properly remitted same. Ranallo's testimony is also deficient in that he was unable, at deposition, to provide a basis for his assumption that Defendants collected occupancy taxes based on the marked-up reservation rate.

In sum, then, there is not a sufficient connection between the evidence relied upon by Ranallo and his conclusions, and his proffered testimony must therefore be excluded. See *General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("Nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidenc which is connected to existing data only by the *ipse dixit* of the expert"). The motions to exclude are therefore granted.

IT IS SO ORDERED.

    S/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE